IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| SIMIO, LLC, | **MEMORANDUM DECISION AND ORDER** |
|---|---|
| Plaintiff, | |
| v. | Case No. 2:18-cv-00853 |
| FLEXSIM SOFTWARE PRODUCTS, INC., | U.S. District Judge Dee Benson |
| Defendant. | |

On July 18, 2019, Plaintiff filed its Combined Motion to Vacate or Amend Judgment, Motion for Reconsideration, and Motion for Leave to File an Amended Complaint. (Dkt. No. 61.) The motion has been fully briefed by the parties, and the court has reviewed the arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the U.S. District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

## **DISCUSSION**

On June 20, 2019, the court ordered this action dismissed, finding that Simio's '468 Patent is not a patent eligible "machine" under 35 U.S.C. § 101 and does not satisfy the requirements of *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014). Simio now asks the court to vacate or amend its judgment pursuant to Fed. R. Civ. P. 59(e) or, alternatively, grant Simio leave to file an amended complaint based on "[t]he new precedential decision of *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306 (Fed. Cir. 2019), the new factual allegations contained in the attached Proposed Amended Complaint ("PAC"), and the similarity of this case to *Aatrix*

*Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121 (Fed. Cir. 2018)[.]" (Dkt. No. 61 at 4.)

The determination on a motion to reconsider is committed to the district court's sound discretion. *See* United States v. Randall, 666 F.3d 1238, 1241 (10th Cir. 2011). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Notably, a motion to reconsider is thus *not* a vehicle to "revisit issues already addressed or advance arguments that could have been raised in prior briefing[,]" and should only be granted where the court "misapprehended the facts, a party's position, or the controlling law." *Id.*

Simio first argues, regarding eligibility under § 1001, that the court erred by failing to apply the framework for analyzing preambles provided in *Deere & Co. v. Bush Hog, LLC*, 703 F.3d 1349 (Fed. Cir. 2012) and *Pure Data Sys., LLC v. Elec. Arts*, No. LA CV18- 01097 JAK (KSx), 2018 U.S. Dist. LEXIS 118349 (C.D. Cal. July 3, 2018). The court disagrees. In its decision, the court acknowledged and gave due consideration to the "computer-based system" and "physical computing device" described in Simio's '468 Patent preamble, but ultimately found that this description "does not limit the scope of the claimed system, but merely identifies an intended use" of the invention. (Dkt. No. 54 at 5.) An intended use description of this kind in the preamble does not "give life, meaning, and vitality to the claim." *See Deere*, 703 F.3d at 1357-58; *see also Aristocrat Techs. Austl. Pty Ltd. v. Int'l Game Tech.*, 521 F.3d 1328, 1333 (Fed. Cir. 2008) ("[S]imply disclosing a computer as the structure designated to perform a particular function does not limit the scope of the claim[.]"); *Boehringer Ingelheim Vetmedica, Inc. v. Schering-Plough Corp.*, 320 F.3d 5 1339, 1345 (Fed. Cir. 2003) ("An intended use or

purpose usually will not limit the scope of the claim because such statements usually [just] define a context in which the invention operates.").

Next, Simio argues that because the Federal Circuit in *Aatrix*, 882 F.3d 1121 found that a "data processing system" can qualify as a "tangible system" for purposes of section 101, its claimed simulation modeling system should likewise qualify as a machine. Even supposing that Simio's invention was comparable to the data processing system in that case (which it is not), *Aatrix* is still distinguishable under these facts. In *Aatrix* the claims were specifically drawn to a physical system that included the "data processing system" with tangible components in the *body* of the claim. *Id.* at 1123-24, n.1. The body of Simio's Claim 1, by contrast, is not specifically drawn to a "physical computing device" identified in its preamble, or toward any structural components for that matter. While the court could in its discretion permit Simio to amend its deficiently drafted complaint in this case, it will not allow Simio to transform its deficient patent claim from one drawn to an ineligible software system to one directed toward an eligible machine. Similarly, in contrast with the patent at issue in *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1336 (Fed. Cir. 2016), the word "memory" is nowhere to be found in the body of Simio's patent claim here. Thus, even if Simio's invention actually included computer memory comparable to that in *Enfish*, the court declines to save the deficiently drafted claim by retroactively supplying the word "memory" or other hardware to make it eligible. As the Federal Circuit has observed:

> Because claims delineate the patentee's right to exclude, the patent statute requires that the scope of the claims be sufficiently definite to inform the public of the bounds of the protected invention, i.e., what subject matter is covered by the exclusive rights of the patent. Otherwise, competitors cannot avoid infringement, defeating the public notice function of patent claims.

*Halliburton Energy Servs., Inc. v. M-I LLC*, 514 F.3d 1244, 1249 (Fed. Cir. 2008). Clearly, it is not a manifest injustice for the court to require that "the scope of [Simio's] claims be sufficiently definite" from the outset to help competitors avoid infringement on the invention's patent.

Regarding *Alice* steps one and two, the court is not persuaded that the 468' patent is directed at a system that improves the functioning and operation of a computer. Instead, the claims are ineligibly abstract because they are "fundamentally directed to the decades-old computer programming practice of substituting text-based coding with graphical processing (which the '468 patent states has been a widespread tool since the 1980s) as well as to the technique of replacing process-oriented programming with object-oriented programming (which the '468 patent explains has existed since the early 1960s)." (Dkt. No. 54 at 6-7.) Furthermore, Simio has only offered a conclusory assertion that "the '468 Patent does not preempt the use of graphical processes or process flow in the field of simulation modeling" without specifically resolving the court's determination that the patent limitations are impermissibly broad. (*See* Dkt. No. 61 at 14-15.)

Simio also cites the Federal Circuit's recent decision in *Cellspin* to contend that the '468 Patent satisfies *Alice* step two because "plausible factual allegations in a complaint regarding the inventiveness of a patent under the second step of the Alice test preclude dismissal at the pleading stage under § 101 and that the patent eligibility of patents granted by the USPTO must be given a presumption of validity . . . ." (Dkt. No. 61 at 15.) However, the Federal Circuit also made clear that its decision should not be interpreted to mean "that any allegation about inventiveness, wholly divorced from the claims or the specification, defeats a motion to dismiss" automatically. *Cellspin*, 927 F.3d at 1317. While the court agrees that "plausible and specific factual allegations" concerning the claims' inventiveness should be accepted as true at the

motion to dismiss stage, Simio's allegations of inventiveness are simply not plausible. Instead, Simio's claims "simply instruct [a] practitioner to implement the abstract idea . . . on a generic computer[,]" *Alice*, 573 U.S. at 225, and merely describe the use of graphical flowcharts (instead of text-based coding) in conjunction with longstanding, generic programming practices to build model objects. Given this lack of plausibility, Simio's allegation of the '468 Patent claims' inventiveness remains insufficient to defeat Defendant's motion to dismiss.

In sum, Simio has not demonstrated grounds warranting a motion to reconsider. *Cellspin* was not "an intervening change in the controlling law" for this dispute. *Cellspin* merely reiterates established principles from *Berkheimer* and *Aatrix* that "plausible and specific factual allegations that aspects of the claims are inventive are sufficient" at the pleading stage; it does not mean that "any allegation about inventiveness . . . defeats a motion to dismiss." *Cellspin*, 927 F.3d at 1317. Simio also presents no facts that were "previously unavailable." Simio does not even claim, much less demonstrate, that its "new and overlooked" facts were unavailable at the time it opposed FlexSim's motion to dismiss. Simio has also not shown a "need to correct clear error or manifest injustice." Simio merely states and restates its belief that this court came to the wrong conclusion when it first dismissed the complaint, offering a series of new arguments on its own behalf. Even if true, this is not manifest injustice; indeed, "the interests of justice are disserved by permitting losing parties to present a series of revolving arguments through successive pleadings." *Advanced Recovery Sys., LLC v. Am. Agencies*, 2017 U.S. Dist. LEXIS 27336 at *5 (D. Utah Feb. 27, 2017) (*quoting England v. Cox*, 2012 U.S. Dist. LEXIS 123197 at *1 (D. Kan. Aug. 30, 2012)). Simio has therefore failed to show that relief from this court's final judgment is warranted.

Simio has also failed to demonstrate that granting leave to amend would be anything but futile. The decision to grant leave to amend lies within the court's discretion. *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018). "A district court may deny leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Id.* (citation omitted). The court has reviewed Simio's PAC, and for the reasons outlined above finds that amendment would be futile because the new factual allegations are inadequate to remedy the '468 patent on the merits.

Accordingly, the court finds no basis to vacate or amend its previous judgment. Moreover, because amending the complaint would be futile, the court denies Simio's motion for leave to amend.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's combined motion (Dkt. No. 61) is hereby DENIED without leave to file an amended complaint.

Signed October 22, 2019.

BY THE COURT

_____
District Judge Dee Benson